**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:** | |
| **GREGORY S. MORRIS,** | Bankruptcy No. 10-70574-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **HAMPTON INN ALTOONA PENNSYLVANIA, L.P.,** | Bankruptcy No. 10-70676-JAD |
| | Chapter 11 |
| Debtor. | |
| **In Re:** | |
| **MORRIS MANAGEMENT REAL ESTATE, L.P.,** | Bankruptcy No. 10-70677-JAD |
| | Chapter 11 |
| Debtor. | |
| **In Re:** | |
| **ALTOONA VVB, L.P.,** | Bankruptcy No. 10-70678-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **200 EAST PLANK ROAD, L.P.,** | Bankruptcy No. 10-70679-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **TYRONE PCH, L.P.,** | Bankruptcy No. 10-70681-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **MMFRE LIMITED PARTNERSHIP,** | Bankruptcy No. 10-70685-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **VENMOR TIPTON PARNTERSHIP,** | Bankruptcy No. 10-70686-JAD |
| Debtor. | Chapter 11 |

| | |
|---|---|
| **In Re:** | |
| **MORRIS MANAGEMENT HARRISBURG, L.P.,** | Bankruptcy No. 10-70687-JAD |
| | **Chapter 11** |
| Debtor. | |
| **In Re:** | |
| **BEDFORD PCH, L.P.,** | Bankruptcy No. 10-71136-JAD |
| Debtor. | **Chapter 11** |
| **In Re:** | |
| **CLEARFIELD PCH, L.P.** | Bankruptcy No. 10-71137-JAD |
| Debtor. | **Chapter 11** |
| **In Re:** | |
| **MMH, L.P.,** | Bankruptcy No. 10-71138-JAD |
| Debtor. | **Chapter 11** |
| **In Re:** | |
| **PHASE TWO 17TH STREET LOGAN TOWNSHIP, L.P.,** | Bankruptcy No. 10-71139-JAD |
| | **Chapter 11** |
| Debtor. | |
| **In Re:** | |
| **VENMOR PARNTERSHIP,** | Bankruptcy No. 10-71140-JAD |
| Debtor. | **Chapter 11** |
| **In Re:** | |
| **VM ASC, LLC,** | Bankruptcy No. 10-71330-JAD |
| Debtor. | **Chapter 11** |

## JOINT PLAN OF REORGANIZATION

Gregory S. Morris ("Morris"), one of the above Debtors and an owner of the other above Debtors, hereby proposes the following Joint Plan of Reorganization (Plan) pursuant to Chapter 11 of the Bankruptcy Code.

# I. DEFINITIONS

The following terms when used in the Plan will, unless the context otherwise requires, have the following meanings respectively:

    a.    **Allowed Claim** means a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation or (b) scheduled in the list of creditors prepared and filed with the Court and not listed as contingent, disputed or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been determined by an order or judgment which is no longer subject to appeal or certiorari pending.

    b.    **Allowed Secured Claim** means an Allowed Claim secured by a lien, security interest or other charges against or interest in property in which the Debtors have an interest, or which is subject to setoff under Section 553 of the Code, to the extent of the value (determined in accordance with Section 506(a) of the Code) of the interest of the holder of such Allowed Claim on the Debtors' interest in such property or to the extent of the amount subject to such setoff as the case may be.

    c.    **Allowed Administrative Claim** means all or that portion of any Administrative claim which either (a) has been allowed by Final Order, or (b) was incurred by the Estates of the Debtors in the ordinary course of business during these reorganization proceedings.

    d.    **Claim** means any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to

payment, against the Debtors in existence or whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

e. **Class** means any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III hereof.

f. **Code** means the Bankruptcy Code, 11 U.S.C. 101 et seq., and any amendments thereto.

g. **Confirmation Date** means the date on which the Order confirming the Plan is entered by the Court.

h. **Confirmation Order** means the entered Order of Court confirming this Plan.

i. **Effective Date** means the date which occurs ninety (90) days after the Confirmation Date.

j. **Contested Claim** means any Claim for which a proof of claim and an objection to such proof of claim have been filed with the Court and the allowance or disallowance of which shall not have been determined by the Court as of the Effective Date.

k. **Court** means the United States Bankruptcy Court for the Western District of Pennsylvania where the Chapter 11 Cases are pending, and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

l. **Debtors** means Gregory S. Morris, Hampton Inn Altoona Pennsylvania, L.P., Morris Management Real Estate, L.P., Altoona VVB, L.P., 200 East Plank Road, L.P., Tyrone PCH, L.P., MMFRE

Limited Partnership, VenMor Tipton Partnership, Morris Management Harrisburg, L.P., Bedford PCH, L.P., Clearfield PCH, L.P.MMH, L.P., Phase Two 17th Street Logan Township, L.P., VenMor Partnership and VM ASC, LLC.

m. **Disclosure Statement** means the Joint Disclosure Statement of the Debtors describing the Plan and approved by the Court.

o. **Plan** means this Joint Plan of Reorganization, as amended or modified in accordance with the terms hereof in accordance with the Code.

## II. DESIGNATION OF CLASSES OF CLAIMS

### A. UNIMPAIRED CLAIMS

#### Secured Claims

**Secured Class 1:** The claims of S&T Bank.

**Secured Class 2:** The claims of First National Bank of Pennsylvania.

**Secured Class 3:** The claims of Ameriserv Financial Bank.

**Secured Class 4:** The claims of Jersey Shore State Bank.

**Secured Class 5:** The claim of County National Bank.

**Secured Class 6:** The claim of Citi Mortgage.

**Secured Class 7:** The claim of Citibank.

**Secured Class 8:** The claims of governmental entities holding real estate tax liens on the Debtors' real estate.

#### Administrative Claims

**Administrative Class 9:** The claim of Counsel for Morris.

**Administrative Class 10:** The claim of Accountant for the Debtors.

**Administrative Class 11:** The claims of the Chapter 11 Trustee and their Counsel.

**Administrative Class 12:** The claim of the Office of the U.S. Trustee.

### Priority Claims

There are no priority claims in these Estates.

### B. IMPAIRED CLAIMS

### Unsecured Claims

**Unsecured Class 13:** The claims of the Ventura Estate, the Osgoods, Morris and the various Debtor entities against each other.

**Unsecured Class 14:** The non-dischargeable claims of Trump Plaza Associates, Trump Marina Hotel Casino and Marina District Development Company.

**Unsecured Class 15:** The claims of general unsecured creditors.

### III. Treatment of Claims

### A. UNIMPAIRED CLAIMS

### Secured Claims

**Secured Class 1:** This claim will be paid in full via a refinance or an assumption of the debt by a creditworthy source, acceptable to this claimant with full payment being made pursuant to agreed upon contractual terms. This claimant will retain its liens until paid in full. As part of the refinance/assumption of this claim, all existing guaranties will be released.

**Secured Class 2:** This claim will be paid in full via a refinance or an assumption of the debt by a creditworthy source, acceptable to this claimant with full payment being made pursuant to agreed upon contractual terms. This claimant will retain its liens until paid in full. As part of the

refinance/assumption of this claim, all existing guaranties will be released.

**<u>Secured Class 3:</u>** This claim will be paid in full via a refinance or an assumption of the debt by a creditworthy source, acceptable to this claimant with full payment being made pursuant to agreed upon contractual terms. This claimant will retain its liens until paid in full. As part of the refinance/assumption of this claim, all existing guaranties will be released.

**<u>Secured Class 4:</u>** This claim will be paid in full via a refinance or an assumption of the debt by a creditworthy source, acceptable to this claimant with full payment being made pursuant to agreed upon contractual terms. In the alternative, Debtor will sell some or all of the real estate securing this claim in order to fund the payment of same. This claimant will retain its liens until paid in full. As part of the refinance/assumption of this claim, all existing guaranties will be released.

**<u>Secured Class 5:</u>** This claim will be paid in full via a refinance or an assumption of the debt by a creditworthy source, acceptable to this claimant with full payment being made pursuant to agreed upon contractual terms. In the alternative, Debtor will sell some or all of the real estate securing this claim in order to fund the payment of same. This claimant will retain its liens until paid in full. As part of the refinance/assumption of this claim, all existing guaranties will be released.

**Secured Class 6:** This claimant will be paid in full via Morris resuming contractual monthly payments along with a cure of any accumulated arrears via monthly payments over a period of sixty (60) months. This claimant will retain its lien until paid in full.

**Secured Class 7:** This claimant will be paid in full via Morris resuming contractual monthly payments along with a cure of any accumulated arrears via monthly payments over a period of sixty (60) months. This claimant will retain its lien until paid in full.

**Secured Class 8:** These claimants will be paid in full either as part of refinancing associated with any property on which they hold a lien or, in the case of an assumption of debt related to property on which they hold a lien, said tax debt will also be assumed and paid via monthly payments over a period of sixty (60) months.

### Administrative Claims

**Administrative Class 9:** This claimant will be paid in accordance with his fee agreement with Morris on the Effective Date of the Plan, subject to Court approval.

**Administrative Class 10:** This claimant will be paid in accordance with his fee agreements with the various Debtors on the Effective Date of the Plan subject to Court approval.

**Administrative Class 11:** These claimants will be paid on the Effective Date of the Plan subject to Court approval.

**Administrative Class 12:** These claimants will be paid in full prior to the Effective Date of the Plan.

**Priority Claims**

There are no priority claims in these Estates.

**B. IMPAIRED CLAIMS**

**Unsecured Claims**

**Unsecured Class 13:** These claimants will receive no payments under the Plan or otherwise. All such claimants will mutually release any claims they may possess against each other.

**Unsecured Class 14:** These claimants will be paid in full via monthly payments over a sixty (60) month period.

**Unsecured Class 15:** Any allowed claims in this class will be paid out of a fund created by payments from the Debtors in the total amount of $8400.00 per month for a period of sixty (60) months. These claimants will receive their pro rata share of the fund with distributions being made each year and with the first distribution coming one-year after the Effective Date. It is believed that the fund represents one-third payment of the allowable claims in this class.

**EXECUTION OF THE PLAN**

Funding for this Plan will be derived primarily from funding/creditworthiness to be provided by Morris' new partner, Jeff Long, which will enable refinances, assumptions of debt, buy-outs, property swaps and guaranty releases as is set forth in the Financial Information and Projection portion of to the Debtors' Joint Disclosure Statement (at Section III of said Disclosure Statement). Remaining unsecured debt can and will be paid out of ongoing Debtor business operations and/or sales of Morris only properties such as Morris Management Harrisburg, MMFRE and VM ASC.

## EXECUTORY AGREEMENTS AND LEASES

The Debtors assume all leases and/or executory contracts not previously rejected by the Debtors.

## CONTESTED CLAIMS

The Debtors specifically reserve the right to object to any claim, provided such objection is filed not later than forty-five (45) days after the Confirmation Date.

## INSURANCE

The Debtors will maintain insurance with respect to their assets themselves and any applicable secured creditor as loss-payee.

## RETENTION OF JURISDICTION

The Court will retain jurisdiction of these Chapter 11 Cases for the following purposes:

a. To determine the allowance or disallowance of claims and interest(s).

b. To fix the allowances of compensation and other administrative expenses.

c. To determine any and all applications, objections, adversary proceedings and contested or litigated matters properly before the Court and pending on the Effective Date.

d. To modify the Plan or remedy any defect or omission or reconcile any inconsistency in the Order of Confirmation to the extent authorized by the Code.

e. To enforce provisions of the Plan relating to payments and distributions to be made to the claimants.

f. For such other matters as may be set forth in the Order of Confirmation or Post-Confirmation Order.

## MISCELLANEOUS

a. **Discharge.**

Upon completion of the payments provided for in the Plan, a full and unconditional settlement, release, discharge and satisfaction of all claims existing against the Debtors of any nature whatsoever up to and through the date of Confirmation will occur.

b. **Amendment of the Plan.**

The Debtors reserve the right in accordance with the Code to amend or modify the Plan prior to the Confirmation Date. After the Confirmation Date, the Debtors may, upon Order of Court in accordance with Section 1127(b) of the code, remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the intent and purposes of the Plan.

c. **Headings.**

The headings of the Plan are for convenience only and shall not limit or otherwise affect the meaning hereof.

d. **Notices.**

Any notices required under the Plan shall be in writing and shall be delivered personally or by facsimile message or by first class mail to:

i. if to the Debtors, to Robert O Lampl, 960 Penn Avenue, Suite 1200, Pittsburgh, PA 15222;

ii. if to a holder of an allowed claim or allowed interest, at the address set forth in its allowed proof of claim or proof of interest or, if none, at its address set forth in the schedule prepared and filed with the Court;

Notice shall be deemed given when sent. Any person may change the address at which it was to receive distribution of notices under the Plan by sending written notice pursuant to the provisions of this section to the person to be charged with the knowledge of such change.

    e.    **Section and Article References.**

Unless otherwise specified, all references in the Plan to Sections and Articles are Sections and Articles of the Plan.

    f.    **Cramdown.**

In the event all classes under the Plan do not accept the Plan in the requisite majorities, the Debtors will move the Court to confirm the Plan notwithstanding the rejection of any class, provided that at least one class of creditors whose claims are impaired under the Plan have accepted the Plan. In such event, the Court will determine whether the Plan can be confirmed notwithstanding the rejection of the Plan by a class of creditors pursuant to Section 1129(b) of the Bankruptcy Code.

    g.    **Effective Date.**

For purposes of all determinations to be made pursuant to the Code in respect to the Plan or any Claims or Interests, the Effective Date of the Plan will be ninety (90) days after the Confirmation Date.

    h.    **Effect of Confirmation.**

On the Confirmation Date, all of the provisions of the Plan will be binding on the Debtors, all claimants, all creditors and all interest holders and all other parties-in-interest who are affected (or whose interests may be affected) in any manner by the Plan. Any and against any and all claims or rights of creditors of the Debtors of any nature arising prior to the

Confirmation Date and the rights of creditors of the Debtors of any nature arising prior to the Confirmation Date will be limited to those arising under the Plan.

i. **Uncashed Checks.**

Any disbursement made to a Claimant under the Plan which is not negotiated after a period of ninety (90) days from the date of issuance, may be dishonored by the Debtors and such failure to negotiate by the Claimant will constitute a waiver of the claim with the funds at issue remaining the property of the Debtors.

j. **Minimum Distributions.**

No distribution in an amount less than $25.00 will be made by the Debtors under the Plan.

Respectfully Submitted,

*/s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
DAVID L. FUCHS
PA I.D. #205694
Counsel for the Debtors
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:** | |
| **GREGORY S. MORRIS,** | Bankruptcy No. 10-70574-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **HAMPTON INN ALTOONA PENNSYLVANIA, L.P.,** | Bankruptcy No. 10-70676-JAD |
| | Chapter 11 |
| Debtor. | |
| **In Re:** | |
| **MORRIS MANAGEMENT REAL ESTATE, L.P.,** | Bankruptcy No. 10-70677-JAD |
| | Chapter 11 |
| Debtor. | |
| **In Re:** | |
| **ALTOONA VVB, L.P.,** | Bankruptcy No. 10-70678-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **200 EAST PLANK ROAD, L.P.,** | Bankruptcy No. 10-70679-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **TYRONE PCH, L.P.,** | Bankruptcy No. 10-70681-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **MMFRE LIMITED PARTNERSHIP,** | Bankruptcy No. 10-70685-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **VENMOR TIPTON PARNTERSHIP,** | Bankruptcy No. 10-70686-JAD |
| Debtor. | Chapter 11 |

| | |
|---|---|
| **In Re:** | |
| **MORRIS MANAGEMENT HARRISBURG, L.P.,** | Bankruptcy No. 10-70687-JAD |
| | Chapter 11 |
| Debtor. | |
| **In Re:** | |
| **BEDFORD PCH, L.P.,** | Bankruptcy No. 10-71136-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **CLEARFIELD PCH, L.P.** | Bankruptcy No. 10-71137-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **MMH, L.P.,** | Bankruptcy No. 10-71138-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **PHASE TWO 17TH STREET LOGAN TOWNSHIP, L.P.,** | Bankruptcy No. 10-71139-JAD |
| | Chapter 11 |
| Debtor. | |
| **In Re:** | |
| **VENMOR PARNTERSHIP,** | Bankruptcy No. 10-71140-JAD |
| Debtor. | Chapter 11 |
| **In Re:** | |
| **VM ASC, LLC,** | Bankruptcy No. 10-71330-JAD |
| Debtor. | Chapter 11 |

## **CERTIFICATE OF SERVICE**

Robert O Lampl, John P. Lacher and David L. Fuchs, hereby certify, that on the 12$^{\underline{th}}$ day of September, 2011, a true and correct copy of the foregoing **JOINT PLAN OF REORGANIZATION** upon the following (via electronic service):

Office of the U.S. Trustee
970 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222

Robert H. Slone
223 South Maple Avenue
Greensburg, PA 15601

Lisa M. Swope
219 South Center Street
P.O. Box 270
Ebensburg, PA 15931

                                                         */s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
DAVID L. FUCHS
PA I.D. #205694
Counsel for the Debtors
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)